

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JASON PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 04 C 4164 |
| ) | |
| DEMPSEY DODGE CHRYSLER-JEEP, INC., ) | Judge John W. Darrah |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jason Patterson, filed suit against Defendant, Dempsey Dodge Chrysler-Jeep, Inc. Plaintiff alleges that he purchased a vehicle from Defendant with a defective odometer, thus causing the mileage on the vehicle to be under reported in violation of the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32705. Presently before the Court is Defendant's Motion for Summary Judgment.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories,

and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

The undisputed facts, for the purposes of this motion, taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def.'s 56.1") and exhibits, are as follows.

A third-party, Tim Ficthel, traded in a vehicle to Defendant's manager, Don Friedel. Def.'s 56.1 ¶ 4. Prior to trading in the vehicle, Ficthel knew the odometer would intermittently stop spinning. Def.'s 56.1 ¶ 5. However, Ficthel believed the odometer worked properly when he traded the vehicle to Defendant and signed an odometer disclosure statement certifying that

the vehicle had an actual mileage of 76,017. Def.'s 56.1 ¶¶ 8-9. The title form received by Defendant, signed by its agent, also recorded the mileage as 76,017. Pl.'s 56.1 ¶ 6; Pl.'s Ex. D. Ficthel did not inform Defendant of the odometer problems. Def.'s 56.1 ¶ 10.

The day after Ficthel traded in the vehicle, Plaintiff purchased the vehicle from Defendant's salesman, Richard Jesuit. Def.'s 56.1 ¶¶ 12, 15. Before purchasing the vehicle, Plaintiff took it by himself on a twenty-mile test-drive but did not notice the odometer problem. Def.'s 56.1 ¶ 19; Def.'s Ex. 3, Pl.'s Dep. at 17. On his test-drive, Plaintiff inspected the vehicle, including the speedometer and tachometer. Def.'s 56.1 ¶ 19. Plaintiff did not inform Jesuit where he was taking the vehicle, and Plaintiff does not know whether Jesuit was aware of the vehicle's mileage before or after the test-drive. Def.'s Ex. 3, Pl.'s Dep. at 67-68. The title form statement received by Plaintiff, signed by the same agent who had previously signed the title form received by Defendant, recorded the mileage as 76,018 (one mile more than when Defendant purchased the vehicle from Ficthel). Pl.'s 56.1 ¶ 6; Pl.'s Ex. D; Def.'s Ex. 8-5.

Plaintiff did not discover the odometer problem until after he purchased the vehicle. Def.'s 56.1 ¶¶ 17-19. Ficthel did not inform Defendant of the odometer problem until after the vehicle was sold. Def.'s 56.1 ¶ 21. When Plaintiff alerted Defendant to the odometer problem, Defendant offered to help fix the odometer. Pl.'s 56.1 ¶¶ 8, 10. Defendant also stated that the average mileage for this vehicle at the time of inspection was between 55,000 - 60,000 miles. Def.'s 56.1 ¶ 24.

Plaintiff later had the vehicle inspected by an expert. Def.'s 56.1 ¶ 23. The expert noted that the odometer, which showed 76,017 miles, did not show any visible signs of tampering. Def.'s 56.1 ¶ 24; Pl.'s 56.1 ¶ 7. The expert's report further explained that while the interior of

3

the vehicle "belies the mileage recorded," "[t]he vehicle starts and runs well and there are no defects in the vehicle at time of inspection that impeded its drive ability [sic]." Pl.'s Ex. A.

## ANALYSIS

Section 32705(a) of Title 49 of the United States Code provides:

Under regulations prescribed by the Secretary of Transportation that include the way information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosures:

(A) Disclosure of the cumulative mileage registered on the odometer.

(B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

(2) A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.

Under 49 U.S.C. § 32710, "[a] person that violates this chapter or a regulation prescribed or an order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $1,500, whichever is greater."

"In order to succeed on his claim of odometer fraud, [Plaintiff] must demonstrate two essential elements: (1) a violation of the Act's odometer disclosure requirements (i.e., the providing of an inaccurate odometer reading), and (2) an intent to defraud." *Diersen v. Chicago Car Exchange*, 110 F.3d 481, 487 (7th Cir. 1997) (*Diersen*) (citing *Jones v. Hanley Dawson Cadillac*, 848 F.2d 803, 805-06 (7th Cir. 1988)). Mere negligence does not demonstrate an intent to defraud. *Diersen*, 110 F.3d at 488.

Defendant argues that Plaintiff has failed to present a genuine issue of material fact as to whether Defendant had the requisite intent to defraud. Plaintiff contends that a genuine issue of material fact of an intent to defraud is evidenced by four sources: (1) Plaintiff's expert's report, (2) Plaintiff's test-drive of the vehicle, (3) Defendant's improper increase of the odometer mileage by one mile on disclosure forms, and (4) Defendant's post-sale conduct.

Plaintiff argues that his expert's report, which states the interior of the vehicle "belies the mileage recorded," is sufficient to demonstrate a genuine issue of material fact. However, it is undisputed that the expert report also states that: (1) the odometer did not show any visible signs of tampering; (2) the average mileage for this vehicle at the time of inspection was between 55,000 - 60,000 miles; (3) the vehicle starts and runs well; and (4) there were no defects in the vehicle at the time of inspection that impeded its driveability. Under these circumstances, no genuine issue of material fact exists as to whether any failure by Defendant to conduct a further inquiry into the vehicle's actual mileage beyond Ficthel's odometer disclosure was merely negligent. *See Dierson*, 110 F.3d at 488.

Plaintiff next contends that Defendant knew Plaintiff test-drove the vehicle. However, Plaintiff took the vehicle for a test-drive by himself, and it is undisputed that Plaintiff did not inform Jesuit, the salesman with whom Plaintiff dealt, where Plaintiff was taking the vehicle. It is also undisputed that it has not been shown that Jesuit was aware of the vehicle's mileage before or after the test-drive. Plaintiff has further failed to present any affidavits, depositions, answers to interrogatories, or admissions to demonstrate that Defendant's agent who signed the relevant title forms was aware that the vehicle was taken for a test-drive of any distance.

Plaintiff also argues that Defendant's improper increase of the odometer mileage by one mile on disclosure forms creates a genuine issue of material fact as to whether Defendant had the requisite intent to defraud. According to Plaintiff, Defendant disclosed that the odometer read 76,018 miles on the disclosure forms; but a later inspection showed the odometer was at 76,017 miles.

Increasing the mileage on the vehicle by one mile, by itself, does not evidence an intent to defraud; one would generally attempt to defraud a consumer by recording a lower mileage and not by increasing the mileage. Plaintiff further argues that adding the extra mile was an attempt to make the mileage appear reasonable after the vehicle was owned by Defendant for one day. However, Plaintiff contradictorily contends that Defendant knew Plaintiff test-drove the vehicle twenty miles, yet only increased the mileage on the disclosure form by one mile. If Defendant intended to defraud Plaintiff, an increase of more than one mile would have been recorded. Accordingly, no genuine issue of material fact exists as to whether the increase of one mile on the disclosure form was merely negligent.

Lastly, Plaintiff argues that Defendant's post-sale conduct demonstrates an intent to defraud. Plaintiff contends that Defendant only initially offered to help fix the odometer instead of allowing Plaintiff to return the vehicle. But this fact does not support a conclusion regarding Defendant's fraudulent intent at the time of the sale. Therefore, no genuine issue of material fact exists as to whether these actions evidence an intent to defraud.

It is undisputed that: (1) Defendant had possession of the vehicle for one day before Plaintiff was permitted to take the vehicle for a twenty-mile test-drive; (2) Ficthel, the prior owner of the vehicle, believed the odometer worked properly when he traded the vehicle to

Defendant and signed an odometer disclosure statement certifying that the vehicle had an actual mileage of 76,017; (3) on his test-drive, Plaintiff was able to inspect the vehicle, including the speedometer and tachometer; (4) Defendant did not learn of any odometer problems from Ficthel until after selling the vehicle to Defendant. Based on these undisputed facts, no genuine issue of material fact exists as to whether Defendant lacked an intent to defraud Plaintiff about the mileage on the vehicle.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

Date: August 10, 2005

John W. Darrah, Judge
United States District Court